IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-47 |
| | ) | |
| MICHAEL MARLETTE | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Mark V. Gurzo, Assistant United States Attorney for said District, and hereby submits this Sentencing Memorandum in advance of the sentencing hearing scheduled for May 5, 2022. For the reasons set forth below, the Government recommends a sentence within the advisory Sentencing Guidelines range of 97 to 121 months' imprisonment. This sentence would be sufficient, but not greater than necessary, to achieve the purposes of sentencing set forth in Title 18, United States Code, Section 3553(a).

**I.    INTRODUCTION**

On September 7, 2021, Defendant, Michael Marlette ("Defendant"), entered a plea of guilty to Count One of the Indictment, admitting to possessing material depicting the sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).

The Government incorporates the facts in the Presentence Investigation Report ("PSR") and the statement of facts presented in support of Defendant's guilty plea. (ECF No. 82 at ¶¶ 11-17.) On August 19, 2017 and October 16, 2017, agents with Homeland Security Investigations ("HSI") downloaded files depicting the sexual exploitation of minors from an IP address associated with Defendant and Defendant's residence through the BitTorrent peer-to-peer file sharing network. (*Id*. at ¶¶ 11-14.) Based upon this, on April 12, 2018, HSI agents obtained a federal

1

search and seizure warrant for Defendant's residence. (*Id.* at ¶ 15.) They executed the warrant on April 19, 2018. (*Id.*) Defendant was not home when the agents executed the warrant. (*Id.*) Agents called Defendant and asked that he return to his home, which he did. (*Id.*) He agreed to speak with the agents and admitted that he is the only person who lives at his residence and the only person who uses the internet at his residence. (*Id.*) He further admitted that he utilized peer-to-peer file sharing networks and that he searched for child pornography, viewed child pornography, and saved child pornography on his computer. (*Id.*) A forensic review of Defendant's devices revealed approximately 9,746 images and approximately 291 videos depicting child pornography. (*Id.* at ¶ 16.) These videos and images depicted bondage as well as adult males engaging in sexual acts with toddlers and pre-pubescent, minor females who had not attained 12 years of age. (*Id.*)

II.   **ARGUMENT**

    A.   **Sentencing Procedure**

District courts must follow a three-step sentencing process. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). First, the district court must calculate the defendant's Sentencing Guidelines range without regard to departure motions. *Id.*; *Gall v. United States*, 552 U.S. 38, 49 (2007) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that a Guidelines sentence is reasonable. *Peugh v. United States*, 569 U.S. 530, 541, (2013). When considering a non-Guidelines sentence, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. "For even though the Guidelines are advisory rather than mandatory, they are…the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Id.* at 46 (citing *Rita v.*

*United States*, 551 U.S. 338, 349 (2007)).  Second, the court must rule on the parties' motions for upward or downward departures.  *Gunter*, 462 F.3d at 237.  Third, the district court must consider the factors enumerated in 18 U.S.C. § 3553(a) and exercise its discretion to craft a sentence that is appropriate under the circumstances of each particular case.  *Id*.  At the third step, the Court must consider the advisory Guideline range along with all the pertinent considerations of sentencing outlined in 18 U.S.C. § 3553(a) in determining the final sentence.  The record must demonstrate the court gave meaningful consideration to the Section 3553(a) factors because "a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it."  *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006) (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005)).

       The law is clear that child pornography crimes warrant stringent sentences.  The Third Circuit expressed disapproval of extremely lenient, below Guidelines sentences in these cases.  In *United States v. Goff*, 501 F.3d 250 (3d Cir. 2007), the district court sentenced a child pornography defendant to four months imprisonment and a term of supervised release even though the applicable guideline range was 37 to 46 months.  *Id*. at 252-53.  The Third Circuit vacated the sentence and remanded for resentencing, holding that such a lenient sentence was unreasonable.  *Id*. at 262.  The Court reasoned that the district court gave short shrift to the Sentencing Guidelines and did not properly consider a variety of Section 3553(a) factors.  *Id*. at 258.  Specifically, the district court did not adequately consider the nature and circumstances of the offense, the need to promote respect for the law, the avoidance of unwanted sentencing disparities, and affording adequate deterrence.  *Id*.  Goff downplayed the seriousness of the offense by implying that it was a victimless crime, which was a solitary, private activity that was driven by his curiosity of the

subject. *Id*. The Third Circuit sternly rejected these claims as follows:

> Children are exploited, molested, and raped for the prurient pleasure of Goff and others who support suppliers of child pornography. These small victims may rank as no one else in Goff's mind, but they do indeed exist outside his mind. Their injuries and the taking of their innocence are far too real. There is nothing casual or theoretical about the scars they will bear from being abused for Goff's advantage. Far from persuading us that Goff's crime was relatively minor, his efforts to downplay the harm his actions have inflicted on others serve chiefly to highlight the concern the District Court should have had with Goff's failure to appreciate the seriousness of the offense.

*Id*. at 258-59. Goff argued that he was entitled to a downward departure/variance because he never acted out in any sexual way with children. *Id*. at 259. The Third Circuit forcefully dispatched this assertion, reasoning:

> He was not charged with molestation, so pointing out that he hadn't committed it is, in one sense irrelevant. In another more important sense, however, it does say something meaningful, albeit not what the defense intended. While the defense effort to draw a spectator-vs-participant distinction does not show that Goff's pornography crime was of less than ordinary severity, it does reemphasize that Goff failed to fully appreciate that severity. The simple fact that the images have been disseminated perpetuates the abuse initiated by the producer of the materials.

*Id*. The Court was also unpersuaded that Goff's allegedly exemplary life and charitable actions justified such a sentence. The district court's reliance upon Goff's lack of criminal history was also criticized because many child pornography defendants are first time offenders. *Id*. at 260-61. Lastly, the Court noted that the district court failed entirely to consider the need for deterrence, which, in a child pornography case, serves to protect the children victimized by the material. *Id*. at 261. Reasoning that "[t]he logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced," the Court concluding, "deterring the production of child pornography and protecting the children who are victimized by it are factors that should have been given significant weight at sentencing." *Id*. (citations and quotations omitted).

B.  **The United States Sentencing Guidelines**

The PSR correctly determined that the base offense level is 18, pursuant to U.S.S.G. § 2G2.2(a)(1). (ECF No. 82 at ¶ 22.) The base offense level is increased by 2 levels, pursuant to U.S.S.G. § 2G2.2(b)(2), because the material involved prepubescent minors who had not attained the age of 12. (*Id*. at ¶ 23.) The base offense level is further increased by 2 levels, pursuant to U.S.S.G. § 2G2.2(b)(3)(F), because Defendant knowingly engaged in distribution. (*Id*. at ¶ 24.) The base offense level is increased an additional 4 levels, pursuant to U.S.S.G. § § 2G2.2(b)(4)(A) and (b)(4)(B), because the offense involved both sadistic and masochistic conduct as well as the sexual abuse and exploitation of toddlers, and an additional 2 levels, pursuant to U.S.S.G. § 2G2.2(b)(6), because Defendant used a computer. (*Id*. at ¶ 25-26). Finally, the base offense level is increased by five additional levels, pursuant to U.S.S.G. § 2G2.2(b)(7)(D), because the offense involved 600 or more images. (*Id*. at ¶ 27.) After a three-level adjustment for acceptable of responsibility, the total adjusted offense level is 30. (*Id*. at ¶¶ 33-35.) Defendant is a criminal history category I, which corresponds to an advisory Sentencing Guidelines range of 97 to 121 months' imprisonment. (*Id*. at ¶¶ 36-39, 60.) The Government submits that this advisory Sentencing Guidelines range reflects an appropriate and just sentence for Defendant and recommends that the Court sentence him to a term of imprisonment within this range.

C.  **The Relevant Title 18, United States Code, Section 3553(a) Factors**

The factors set forth in Title 18, United States Code, Section 3553 support the Government's recommended sentence in this case.

> 1.  <u>18 U.S.C. § 3553(a)(1) – the nature and circumstances of the offense and the history and characteristics of the defendant</u>

Defendant possessed a large collection of images and videos of child pornography depicting bondage as well as adult males engaging in sexual acts with toddlers and pre-pubescent,

5

minor females. Defendant admitted that he actively searched for child pornography, viewed child pornography, and saved child pornography. Further, he pled guilty and accepted responsibility for these offenses; therefore, the Government's case against him is strong. Even though Defendant has no criminal history, his offense conduct establishes that the advisory Sentencing Guidelines range reflects a just sentence in this case.

> 2. <u>18 U.S.C. § 3553(a)(2)(A) – the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense</u>

It is apparent from Defendant's extensive child pornography collection that he has a sexual interest in children. He pled guilty to the serious crime of possessing child pornography that triggered several fact-based enhancements. As part of his plea, Defendant agreed to enhancements for prepubescent minors, distribution, sadistic and masochistic conduct, sexual abuse and exploitation of toddlers, use of a computer, and more than 600 images. (*See* ECF No. 82 at ¶¶ 23-27.) Additionally, Defendant contributed to the global child pornography market by searching for and collecting the images and videos depicting the victimization and exploitation of children. Certainly, this constitutes an extremely serious offense as the Third Circuit recognized. *See Goff*, 501 F.3d at 258-59. Thus, a significant period of incarceration – a sentence within the advisory Sentencing Guidelines range – is warranted to vindicate the statutory objectives of reflecting the seriousness of this offense, promoting respect for the law, and providing just punishment.

> 3. <u>18 U.S.C. § 3553(a)(2)(B) – the need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

There is a critical need for the sentence to deter not only Defendant, but also any others who may be inclined to commit child pornography crimes. "The logic of deterrence suggests that the lighter the punishment for downloading and uploading child pornography, the greater the customer demand for it and so the more will be produced." *United States v. Goldberg*, 491 F.3d

668, 672 (7th Cir. 2007), quoted in *Goff*, *supra*, 501 F.3d at 261.  Child pornography offenses are most often committed in private settings that are remote from their victims.  Such crimes are high-volume offenses that are drastically underreported.  In fact, unlike most crime victims, the victims of child pornography offenses, while generally cognizant of the trafficking and collection of their sexual abuse images, are not able to report the time or the location of these crimes to the police.  As a result, there is a premium on general deterrence because law enforcement officers, no matter how efficient and dedicated, will never be able to detect, let alone investigate and prosecute, more than a small fraction of the child pornography crimes that are committed.  Defendant's sentence should, therefore, contain a period of imprisonment that not only deters him from engaging in further criminal behavior, but also deters others from committing crimes against children.  Accordingly, a Guidelines sentence in this case will serve as a greater general and specific deterrent than a variant sentence.

    4.    <u>18 U.S.C. § 3553(a)(2)(C) – the need for the sentence imposed to protect the public from further crimes of the defendant</u>

A Guidelines sentence will serve to protect the public from further crimes of Defendant during his incarceration.

    5.    <u>18 U.S.C. § 3553(a)(3) and (a)(4)(A) – the kinds of sentences available and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines</u>

The maximum term of imprisonment is 20 years.  18 U.S.C. § § 2252(a)(4)(B) and (b)(2).  The Court must impose a term of supervised release of at least 5 years.  18 U.S.C. § 3583(k).  As explained above, the Government concurs with the PSR's determination that the total adjusted offense is 30 and that Defendant is a criminal history category I, which corresponds to an advisory

Sentencing Guidelines range of 97 to 121 months' imprisonment. (ECF No. 82 at ¶ ¶ 33-39, 60.) Defendant is ineligible for a sentence of probation.

>    6. <u>18 U.S.C. § 3553(a)(5) & (a)(7) – any pertinent policy statement and the need to provide restitution to any victims of the offense</u>

There are no pertinent policy statements. The Government will seek restitution for identified victims.

>    7. <u>18 U.S.C. § 3553(a)(6) – the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct</u>

A sentence within the advisory Sentencing Guidelines range reflects an appropriate sentence for Defendant in this case, given his offense conduct and his lack of criminal history. This sentence, therefore, will satisfy the need to avoid unwarranted sentence disparities among similarly situated defendants.

## III. CONCLUSION

WHEREFORE, for all of the foregoing reasons, the Government respectfully requests that the Court impose a sentence within the advisory Sentencing Guidelines range. Such a sentence would be sufficient, but not greater than necessary, to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*s/ Mark V. Gurzo*
MARK V. GURZO
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street
Pittsburgh, PA 15219
Mark.Gurzo@usdoj.gov
MD ID No. 20794